## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM WISHER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 08-859-LPS |
| | : | |
| PERRY PHELPS, Warden, and JOSEPH | : | |
| R. BIDEN, III, Attorney General | : | |
| of the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

————————————

William Wisher.  *Pro se* Petitioner.

James Turner Wakley, Deputy Attorney General of the Delaware Department of Justice,
Wilmington, Delaware.  Attorney for Respondent.

————————————

## MEMORANDUM OPINION

October 1, 2010
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28

U.S.C. § 2254 ("Petition") filed by Petitioner William Wisher ("Petitioner").  (D.I. 1)  For the

reasons discussed, the Court will dismiss the Petition and deny the relief requested.


## BACKGROUND

As set forth by the Delaware Supreme Court, the facts leading to Petitioner's arrest and

conviction are as follows:

> On February 2, 2004, an informant told police that Charles Johnson was a drug dealer.
> The informant then arranged to buy drugs from Johnson at a Wawa store on North
> Dupont Highway.  Johnson arrived, as scheduled, in a car driven by [Petitioner].  Another
> passenger, Kelvin Stigars, was sitting in the back seat.  After surrounding the car and
> removing the three men, the police found ziplock bags containing crack cocaine in the
> back seat.  The police also found a scale and marijuana in Johnson's coat, a marijuana
> blunt in the driver's side door, and $1431 in [Petitioner's] pants pocket.

*Wisher v. State*, 905 A.2d 748 (Table), 2006 WL 2008774, at *1 (Del. July 17, 2006).

All three men were arrested.  Johnson and Stigars entered into plea agreements with the

State.  (D.I. 15, State's Ans. Br. in *Wisher v. State*, No. 7, 2008, at 3)  Petitioner went to trial on

charges of trafficking in cocaine, possession with intent to deliver cocaine, second degree

conspiracy, and related charges.  At trial, Johnson testified that Petitioner was his business

partner; that Petitioner chose the Wawa store as the place to conduct the drug transaction; and

that Petitioner knew the drugs were present in the car.  Johnson also explained that he had told a

different version of events when first arrested – taking full responsibility for the drugs and

asserting that Petitioner did not know about the drug sale – because he felt responsible for getting

Petitioner and Stigars in trouble.  *See Wisher*, 2006 WL 2008774, at *1.

1

A Delaware Superior Court jury convicted Petitioner of trafficking in cocaine, possession with intent to deliver cocaine, second degree conspiracy, possession of drug paraphernalia, and possession of marijuana. The Delaware Superior Court sentenced him to a total of fifteen and one-half years of imprisonment, suspended after fifteen years for a term of probation. The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *Id.*

In March 2007, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed the Superior Court's judgment. *Wisher v. State*, 957 A.2d 3 (Table), 2008 WL 4148978 (Del. Sept. 9, 2008).

Petitioner filed the instant Petition in November, 2008. (D.I. 1) The State filed an Answer, asserting that the Petition should be dismissed. (D.I. 13)

## GOVERNING LEGAL PRINCIPLES

### The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are

2

given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford,* 538 U.S. at 206.

## Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal

3

claim is being asserted." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (internal citations omitted).

If a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Werts*, 228 F.3d at 192. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to

4

find the petitioner guilty beyond a reasonable doubt, *Sweger v. Chesney*, 294 F.3d 506, 522-24

(3d Cir. 2002).  A petitioner establishes actual innocence by asserting "new reliable evidence –

whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

physical evidence – that was not presented at trial," showing that no reasonable juror would have

found the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-

40 (3d Cir. 2004).

## Standard of Review

When a state's highest court has adjudicated a federal habeas claim on the merits,[1] the

federal court must review the claim under the deferential standard contained in 28 U.S.C.

§ 2254(d).  Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state

court's decision was "contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States," or the state court's

decision was an unreasonable determination of the facts based on the evidence adduced in the

trial.  28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel

v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

When reviewing a habeas claim, a federal court must presume that the state court's

determinations of factual issues are correct.  28 U.S.C. § 2254(e)(1).  This presumption of

correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and

convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280,

286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and

---

[1]A state court decision constitutes an adjudication on the merits for the purposes of
§ 2254(d) if the decision finally resolves the claim on the basis of its substance, rather than on a
procedural or some other ground.  *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).

convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## DISCUSSION[2]

The Petition asserts one ground for relief, namely, that insufficient evidence was adduced at trial to establish the "possession" element required to convict Petitioner for possession of cocaine and trafficking in cocaine. Charles Johnson was the only witness to implicate Petitioner in the crimes. Petitioner contends that his conviction cannot be based on Johnson's testimony because it was uncorroborated and self-contradictory.

Petitioner presented this claim on direct appeal, setting forth three basic inconsistencies in Johnson's testimony. First, when arrested, Johnson initially told the police that the drugs were his and that Petitioner was unaware of the planned drug sale. (D.I. 15, Appellant's Op. Br. in *Wisher v. State*, No. 584,2005, at 10-11) However, Johnson later testified that Petitioner knew about the drug sale and that Petitioner selected the location for the transaction. Second, Johnson testified on direct examination that the scale was already in Petitioner's car at the time he entered it. Then, when cross-examined, Johnson said that he brought the scale with him. Third, Johnson testified that he kept his stash of drugs in an abandoned house near 4th and Washington Streets, but later stated that the drugs were on the "north side." *Id.*

Pursuant to Delaware Supreme Court Rule 8, the Delaware Supreme Court reviewed the instant claim only for plain error, because Petitioner failed to raise the issue in a motion for

---

[2]The Court concurs with the State's conclusion that statutory tolling renders the Petition timely filed. (D.I. 13 at 3-4)

6

judgment of acquittal at the close of his trial. The Delaware Supreme Court affirmed Petitioner's convictions and sentences, explicitly holding that (1) the Superior Court did not commit plain error by failing to *sua sponte* grant an acquittal due to insufficient evidence; and (2) the Delaware Superior Court did not commit plain error by failing to instruct the jury on the inherent limitations in accomplice testimony. *Wisher*, 2006 WL 2008774.

Petitioner presented the same insufficient evidence claim to the Delaware Superior Court in his Rule 61 motion. The Superior Court denied the claim as procedurally barred under Rule 61(i)(4), and the Delaware Supreme Court affirmed that judgment. *Wisher*, 2008 WL 4148978.

In its Answer, without referencing the Delaware Supreme Court's application of Rule 8 on direct appeal, the State asserts that the Delaware Supreme Court's disposition of the instant argument constituted an adjudication on the merits for federal habeas purposes. As a result, the State contends that the Court must review the instant argument under the deferential standard contained in § 2254(d)(1).

The Court, however, is not persuaded. By explicitly applying the procedural bar of Rule 8 to this issue on direct appeal, the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-64 (1984), that its decision rested on state law grounds. Delaware Supreme Court Rule 8 constitutes an independent and adequate state procedural rule for procedural default purposes. *See Campbell v. Burris*, 515 F.3d 172 (3d Cir. 2008). Accordingly, the Court will exercise its discretion and *sua sponte* raise the bar of procedural default as to the instant claim, which has the consequence of precluding the Court's review of the

claim on its merits absent a showing of cause and prejudice.[3]  *See Sweger v. Chesney*, 294 F.3d

506 (3d Cir. 2002); *see also Day v. McDonough*, 547 U.S. 198, 206 (2006) (explaining that

whether a federal court can raise a procedural default *sua sponte* remains an open issue in

Supreme Court jurisprudence).

The Court liberally construes Petitioner's brief statement regarding defense counsel's

failure to raise the insufficient evidence argument at the close of the trial as his attempt to

establish cause for his default.  (D.I. 3 at 10); *see Murray*, 477 U.S. at 488-89 (holding that

counsel's ineffectiveness in failing to properly preserve claim for review in state court will

suffice to establish cause).  Although Petitioner raised a similar ineffective assistance of counsel

claim in his Rule 61 proceeding, he did not present the argument to the Delaware Supreme Court

on post-conviction appeal.  *See Wisher*, 2008 WL 1847529, at *1 (explaining that any claims

raised by Petitioner in his Rule 61 motion that were not raised in his post-conviction appeal were

waived).  Thus, the instant ineffective assistance of counsel allegation is itself procedurally

defaulted,[4] and cannot excuse Petitioner's procedural default of the instant insufficient evidence

---

[3]In *Sweger*, the Third Circuit held that:

> [w]e retain this discretion [to *sua sponte* address and rely on an issue of
> procedural default never raised by the State on federal habeas review] because the
> doctrine of procedural default, while not a jurisdictional rule, is grounded upon
> concerns of comity between sovereigns and often upon concerns of judicial
> efficiency. . . .  Because these concerns substantially implicate important interests
> beyond those of the parties, it is not exclusively within the parties' control to
> decide whether such a defense should be raised or waived.

294 F.3d at 520 n.3.

[4]In Delaware, ineffective assistance of counsel claims are not exhausted unless a
petitioner has presented them to the Superior Court in a Rule 61 motion, and has appealed any
adverse decision to the Delaware Supreme Court. *See Waples v. Phelps*, 2008 WL 1743400, at

claim. *See Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000) (procedurally defaulted ineffective assistance of counsel claim cannot constitute cause for the default of another habeas claim).

In the absence of cause, the Court will not address the issue of prejudice. The Court also concludes that the miscarriage of justice exception to the procedural default doctrine does not apply in this case, because Petitioner has not presented new reliable evidence of his innocence that was not presented at trial. Accordingly, the Court will deny the claim as procedurally barred.

Alternatively, even if the Court were to view the Delaware Supreme Court's disposition of the instant claim as constituting an adjudication of the claim for federal habeas purposes, the Court would deny the claim for failing to satisfy the requirements of § 2254(d)(1). The clearly established federal law for insufficient evidence claims was articulated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). Pursuant to *Jackson*, a court must determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. A court must apply *Jackson*'s standard with explicit reference to the substantive elements of the criminal offense as defined by state law. *Id.* at 324 n.16; *see also Jordan v. Snyder*, 2000 WL 52152, at *4 (D. Del. Jan. 5, 2000). Additionally, "a federal habeas court faced with a record of historical facts that supports conflicting interests must presume –

---

*2 (D. Del. Apr. 16, 2008). Consequently, Petitioner's Rule 61 proceeding did not exhaust state remedies for federal habeas purposes. At this juncture, any attempt by Petitioner to exhaust state remedies for the ineffective assistance of counsel claim by presenting it in a new Rule 61 motion would be barred by Delaware Superior Court Criminal Rule 61(i)(4). *See White v. Carroll*, 416 F. Supp. 2d 270, 281 (D. Del. 2006). Therefore, Petitioner's ineffective assistance of counsel claim is procedurally defaulted.

9

even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution;" credibility determinations made by the jury are not reviewable in federal habeas proceedings. *Jackson*, 443 U.S. at 326. Finally, a jury's verdict may be based entirely on circumstantial evidence, so long as the *Jackson* standard is satisfied and the jury is convinced of the defendant's guilt beyond a reasonable doubt. *See Desert Palace Inc. v. Costa,* 539 U.S. 90, 100 (2003); *Holland v. United States*, 348 U.S. 121, 140 (1954).

In Delaware, a person is guilty of possession of cocaine with intent to deliver if both possession and the intent to deliver are proven. *See* Del. Code Ann. tit. 16, § 4751. A person is guilty of trafficking in cocaine if both possession and quantity are proven. "[P]ossession, in addition to its ordinary meaning, includes location in or about the defendant's person, premises, belongings, vehicle, or otherwise within the defendant's control." Del. Code Ann. tit. 16, § 4701(30). Possession can be actual or constructive; but, in order to succeed on a constructive possession theory, the State "must produce evidence of a defendant's 'dominion and control' over the substance." *McNulty v. State*, 655 A.2d 1214, 1217 (Del. 1995).

The evidence presented during Petitioner's trial provided the jury with the following basic factual scenario: Petitioner, driving his mother's car, drove Johnson to the site of the arranged drug transaction. Upon Petitioner's arrest, the police found a bag of cocaine on the backseat of Petitioner's car, as well as over $1,400.00 on Petitioner's person. In addition, the trial transcript demonstrates that the jury heard all of Johnson's various versions of the events, and that the trial court instructed the jury on the principles of actual and constructive possession, accomplice liability, and its role as the trier of the facts and sole judge of each witness'

10

credibility.

Turning to the first prong of the § 2254(d)(1) inquiry, the Court notes that the Delaware

Supreme Court did not specifically apply *Jackson* and its progeny in holding that the Superior

Court did not commit plain error in failing to *sua sponte* grant an acquittal due to insufficient

evidence.  Nevertheless, the Court concludes that the Delaware Supreme Court's decision was

not contrary to *Jackson*, because the Delaware cases cited by the Delaware Supreme Court refer

to the applicable precedent.  *See Fahy v. Horn*, 516 F.3d 169, 196 (3d Cir. 2008) (Supreme Court

of Pennsylvania's decision was not "contrary to" clearly established federal law because it

appropriately relied on its own state court cases, which articulated the proper standard derived

from Supreme Court precedent).

Turning This does not complete the Court's inquiry under § 2254(d)(1) because the Court must

also determine if the Delaware Supreme Court's application of *Jackson* was reasonable.  To

reiterate, Petitioner contends there was insufficient evidence to establish the possession element

of the crimes for which he was convicted, because Johnson's testimony regarding Petitioner's

participation in the crimes was uncorroborated and contradictory; essentially, Petitioner contends

that the evidence was only sufficient to establish his "mere presence" near the cocaine.  (D.I. 3 at

14)  Petitioner's argument is unavailing.  Even if Johnson's testimony was uncorroborated, it is

well settled that uncorroborated accomplice testimony may constitutionally provide the exclusive

basis for conviction.  *See Caminetti v. United States*, 242 U.S. 470 (1917); *Jacobs v. Redman*,

616 F.2d 1251, 1255 (3d Cir. 1980); *Brokenbrough v. State*, 522 A.2d 851, 853 (Del. 1987).

Additionally, although Petitioner asserts that Johnson's testimony was not credible, it was for the

jury, as the trier of fact, to determine the credibility of the witnesses and resolve any conflicts in

11

the testimony.  Here, the jury heard Johnson's varying versions of the events, and defense

counsel had ample opportunity to attack Johnson's credibility.  The trial court instructed the jury

that it was the jury's responsibility to determine the credibility of each witness, and to weigh the

testimony considering the bias, interest, or prejudice, if any, the witness may have.  There is no

indication in the record that the jury failed to properly carry out its charge.  Under these

circumstances, the Court defers to the jury's implicit finding that Johnson's testimony was

credible.  In turn, after reviewing Johnson's testimony and all of the evidence in a light most

favorable to the prosecution, the Court concludes that a rational trier of fact could have found the

element of possession beyond a reasonable doubt.  Accordingly, the instant claim does not

warrant habeas relief.


## CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether

to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2008).  A certificate of

appealability is appropriate when a petitioner makes a "substantial showing of the denial of a

constitutional right" by demonstrating "that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  Additionally, a federal court denying a habeas petition on

procedural grounds without reaching the underlying constitutional claims is not required to issue

a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it

debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and

(2) whether the court was correct in its procedural ruling.  *Id.*

The Court has concluded that Petitioner's habeas claim does not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.